**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Warren THOMAS, Sr., Defendant—
Appellant.**

No. 04–7439.

United States Court of Appeals,
Fourth Circuit.

Submitted Jan. 13, 2005.

Decided Jan. 19, 2005.

Warren Thomas, Sr., Appellant pro se.
Isaac Louis Johnson, Jr., Office of the
United States Attorney, Greenville, South
Carolina, for Appellee.

Before WIDENER, NIEMEYER, and
GREGORY, Circuit Judges.

Dismissed by unpublished per curiam
opinion.

Unpublished opinions are not binding
precedent in this circuit. See Local Rule
36(c).

PER CURIAM.

Warren Thomas, Sr., seeks to appeal the
district court's order denying his "Manda-
mus and Rule 60(b)" motion filed in his
underlying 28 U.S.C. § 2255 (2000) action.
The district court construed the motion
under § 2255 and denied the motion as
successive, noting that Thomas would need
to seek authorization from this court to file
a such a motion. The order is not appeal-
able unless a circuit justice or judge issues
a certificate of appealability. 28 U.S.C.
§ 2253(c)(1) (2000). A certificate of ap-
pealability will not issue absent "a substan-
tial showing of the denial of a constitution-
al right." 28 U.S.C. § 2253(c)(2) (2000).
A prisoner satisfies this standard by dem-
onstrating that reasonable jurists would
find that his constitutional claims are de-
batable and that any dispositive procedural
rulings by the district court are also debat-
able or wrong. See Miller–El v. Cockrell,
537 U.S. 322, 336–38, 123 S.Ct. 1029, 154
L.Ed.2d 931 (2003); Slack v. McDaniel,
529 U.S. 473, 484, 120 S.Ct. 1595, 146
L.Ed.2d 542 (2000); Rose v. Lee, 252 F.3d
676, 683 (4th Cir.2001). We have indepen-
dently reviewed the record and conclude
that Thomas has not made the requisite
showing. Accordingly, we deny a certifi-
cate of appealability and dismiss the ap-
peal.

We construe Thomas' notice of appeal
and informal brief on appeal as an applica-
tion to file a second or successive motion to
vacate under 28 U.S.C. § 2255. *United
States v. Winestock,* 340 F.3d 200, 208 (4th
Cir.), *cert. denied,* 540 U.S. 995, 124 S.Ct.
496, 157 L.Ed.2d 395 (2003). In order to
obtain authorization to file a second motion
to vacate, a movant must assert claims
based on either: (1) a new rule of constitu-
tional law, previously unavailable, made
retroactive by the Supreme Court to cases
on collateral review; or (2) newly discover-
ed evidence that would be sufficient to
establish by clear and convincing evidence
that no reasonable factfinder would have
found the movant guilty of the offense. 28
U.S.C. §§ 2244(b)(3)(C), 2255 ¶ 8 (2000).
Thomas' claims do not satisfy either of
these conditions. Therefore, we decline to
authorize Thomas to file a successive
§ 2255 application. We dispense with oral
argument because the facts and legal con-
tentions are adequately presented in the
materials before the court and argument
would not aid the decisional process.

*DISMISSED.*